IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH DANIEL PALMER, #224480 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-15-1549 |
| POLICE OFFICER RISKO | * | |
| POLICE OFFICER RYAN L. PRITZKER | | |
| Defendants. | * | |
| | ***** | |

MEMORANDUM

**I. Background**

On May 28, 2015, plaintiff Kenneth Daniel Palmer ("Palmer") filed a Fourth Amendment complaint against Baltimore County Police Officer Erin Risko pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages. Palmer claimed that the officer falsely charged, arrested, and imprisoned him on a heroin possession charge on August 10, 2014. ECF No. 1. On September 28, 2015, Palmer was granted leave to add Baltimore County Police Officer Ryan Pritzker as a defendant for his participation in arresting Palmer for heroin possession in August of 2014. ECF Nos. 16 & 18. The principal issue here is whether a genuine dispute exists that there was probable cause to arrest Palmer.

Pending before the court are defendants' unopposed[1] motions to dismiss, or in the alternative, for summary judgment, construed as motions for summary judgment.[2] ECF Nos. 13

---

[1] The record shows that on September 10 and November 9, 2015, Palmer was served with notices of the dispositive motions being filed pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF Nos. 14 & 23. He was cautioned that he had seventeen days to file a written response and his failure to submit a response could result in the entry of judgment in defendants' favor. No opposition or response was filed.

[2] Palmer has been released from custody. All dispositive motions and *Roseboro* notices

& 21.  The motions may be determined on the pleadings and shall be granted without oral hearing.  *See* Local Rule 105.6 (D. Md. 2014).

## II.  Standard for Summary Judgment

Under Federal Rule of Civil Procedure 56, the court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In reviewing a motion for summary judgment, the court views the facts in a light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes* v. *S. H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  Rule 56(c) requires the nonmoving party to go beyond the pleadings and by its own affidavits, depositions, answers to interrogatories, and admissions, designate specific facts showing the existence of a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (citing *Barwick v. Celotex Corp.*, 736 F.2d 946, 963 (4th Cir. 1984)).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson*, 477 U.S. at 247–48.  A "material fact" is one that might affect the outcome of a party's case.  *Id.* at 248; *see also JKC Holding Co.*

---

were served on him at the proper mailing addresses.

*v. Wash. Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001) (citing *Hooven–Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001)).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; accord *Hooven-Lewis*, 249 F.3d at 265.  A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.  *Anderson*, 477 U.S. at 248.

**III. Discussion**

    **Facts**

    Palmer states that on August 10, 2014, Police Officers Erin Risko and Ryan Pritzker falsely arrested him for heroin possession outside a Best Buy Store in Baltimore County, Maryland.  He claims that Risko never retrieved heroin from him or in the nearby vicinity.  Palmer further alleges that Risko's report never specified how he came across the heroin, although he reported that Palmer "did in fact possess the controlled dangerous substance heroin." ECF No. 1.  He contends that as of April 28, 2015, all charges were dismissed.  *Id*.  Palmer additionally claims that the charges were maliciously filed to cause a violation of his probation.  *Id*.

    In their unopposed summary judgment motions, defendants affirm that on the night of August 9, 2014, Risko responded to a report of a theft inside the Best Buy Store in Owings Mills, Maryland.  Brandon Clark, the store's Director of Counter Intelligence, advised Risko that he had seen a black wheelchair-bound female in the television aisle, concealing merchandise behind her back.  Clark indicated that he went to the security office and observed the female on camera

3

while she continued to push herself through the store. As she approached the exit without paying for the concealed merchandise, Clark confronted her and brought her to the security office. Clark identified her by her Motor Vehicle Administration photograph as Arnette Yolanda Jackson. ECF No. 13-3, Incident Report 8/9/2014; ECF No. 13-5, Risko Aff.; ECF No. 21-5, Risko Aff.[3] Several items totaling $267.96 were recovered from behind Jackson's back and the back of her wheelchair. ECF No. 13-3, ECF No. 21-3, ECF No. 13-5 at Risko Aff. and ECF No. 21-5 at Risko Aff.

Baltimore County Police Officer Ryan Pritzker was dispatched to the Best Buy Store to back up Officer Risko. Upon his arrival he observed a black male with a duffle bag and several shopping bags seated on the bench outside the store. ECF No. 13-6 at Pritzker Aff. and ECF No. 21-6 at Pritzker Aff. Pritzker observed the man stare down the police cars and avoid eye contact with the officers as they entered the store. Based upon his training and expertise, Pritzker believed the man's actions were unusual and suspected that he may have been a look-out for the shoplifter. Pritzker approached the man and asked him if he knew Arnette Jackson. The man stated that she was his girlfriend and handed Jackson's bank card to Pritzker. *Id*.

Pritzker asked Palmer if he had any weapons on his person and Palmer produced a few syringes and a knife from his front pants pocket. Officer Pritzker advised Palmer that he was under arrest for possession of drug paraphernalia. When conducting a search incident to arrest Pritzker recovered 50 syringes and 5 gel capsules containing a white powdery substance from the front pocket of Palmer's book bag. Pritzker affirms that through his training and experience he

---

[3] All exhibits are referenced by their electronic pagination number.

recognized the powdery substance as suspected heroin. Palmer was transported to a local police precinct, where he was charged with controlled dangerous substance ("CDS") possession, not marijuana, and possession of CDS equipment with intent to distribute. On April 28, 2015, the State's Attorney's Office for Baltimore County entered a *nolle prosequi* to all charges filed against Palmer. ECF No. 13-4 and ECF No. 21-4.

**Legal Analysis**

In order to state a claim under § 1983 for an unconstitutional warrantless arrest, a plaintiff must show that the arrest was made without probable cause. "Probable cause to justify an arrest arises when facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). The determination is inherently fact-specific, but typically turns on two primary factors: (1) the suspect's conduct known to the officer, and (2) the contours of the offense thought to be committed by that conduct. *Rogers v. Pendleton*, 249 F.3d 279, 290 (4th Cir. 2001); *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). Where "no reasonable officer could believe, in light of the contours of the offense at issue, that probable cause exists to arrest that person, a violation of a clearly established Fourth Amendment right ... ensues." *Rogers*, 249 F.3d at 290 (citing *Smith v. Reddy*, 101 F.3d 351, 356 (4th Cir. 1996)). Probable cause "requires more than bare suspicion but requires less than evidence necessary to convict." *Porterfield*, 156 F.3d at 569.

Probable cause for an arrest exists when "the facts and circumstances within [the

officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 334 (4th Cir. 2009) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "[R]easonable law officers need not 'resolve every doubt about a suspect's guilt before probable cause is established.'" *Gomez v. Atkins*, 296 F.3d 253, 262 (4th Cir. 2002) (quoting *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991)).

Probable cause is evaluated by the totality of the circumstances, and it is a "practical, nontechnical conception." *Illinois v. Gates,* 462 U.S. 213, 230–31 (1983); *Brinegar v. United States,* 338 U.S. 160, 175–76 (1949). Moreover, it is "a fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules." *Illinois,* 462 U.S. at 232.

In the particular factual context presented in this case, no material factual dispute exists as to whether Palmer's arrest was supported by probable cause sufficient to preclude the granting of summary judgment on Palmer's false arrest claim under the Fourth Amendment. The Court finds that defendants' reliance on facts known at the time of the arrest provided them probable cause to support Palmer's arrest and charges. Palmer's legal conclusion that the charges were dismissed does not support his Fourth Amendment claim, as it does not automatically provide evidence of lack of probable cause.[4] *See Fisher v. Matthews*, 792 F. Supp. 2d 745, 776 (M.D.

---

[4] The exhibits show that Palmer's charges were nolle prossed on April 28, 2015. ECF No. 13-4 & ECF No. 21-4; *see also State v. Palmer*, Case No. 03K14006583 (Circuit Court for Baltimore County).

Pa. 2011) (simply because charges filed against plaintiff were *nolle prossed* and withdrawn when plaintiff's case was before the county court, does not necessarily show that defendants lacked probable cause to arrest and to issue the criminal complaint against plaintiff). Palmer has failed to show that the charges were filed without probable cause.[5]

## IV.  CONCLUSION

Defendants' motions, treated as motions for summary judgment, shall be granted. A separate Order shall be entered reflecting the ruling reached in this decision.

Date:  December 4, 2015                                  /s/
                                                           James K. Bredar
                                                           United States District Judge

---

[5]  As this court has determined that Palmer's constitutional claims against defendants are without merit, it need not address their qualified immunity argument.